In re James R. KELVINGTON and Elaine J. Kelvington, Debtors.

Gary V. SKIBA, Esq., Trustee, Plaintiff,

v.

James R. KELVINGTON and Elaine J. Kelvington and Teachers Insurance and Annuity Association, Defendants.

Bankruptcy No. 90–00831E.
Adv. No. 91–0092.

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 2, 1992.

Gary V. Skiba, pro se, trustee.

Thomas E. Larson, Erie, Pa., for debtors.

Joan G. Dorgan, Pittsburgh, Pa., for Teachers Ins. and Annuity Ass'n.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

## OPINION

### Introduction

Before the Court are cross-motions for summary judgment on the Trustee's Complaint which requests a determination that the Debtor's interest in an annuity contract issued by the Teachers Insurance and Annuity Association ("TIAA") is property of the bankruptcy estate and that the Debtors are not entitled to exempt their interest in the annuity. The Trustee further requests that TIAA be directed to pay over the present value of the annuity to the Trustee.

The Debtors respond that the annuity has no present value that can be paid to the Trustee; that the annuity is not property of the estate; and that if the annuity is property of the estate, the funds received by the Debtors from the annuity are exempt under 11 U.S.C. § 522(d)(10)(E). The Debtors further request an award of costs and attorney fees for defending this action.

TIAA responds that the annuity is not property of the estate; that the annuity is exempt under 11 U.S.C. § 522(b)(2)(A); and that if the Trustee succeeds to the rights of the Debtors, the Trustee has no right to require an immediate payment from TIAA of the present value of the annuity. TIAA also requests an award of attorney fees.

We find that under Bankruptcy Code § 541(c)(2), the corpus of the annuity is not property of the estate, that the future income flow (all postpetition payments) from the annuity enjoy the same status, and that the Debtor's motion for summary judgment must be granted.

### Issue

Whether the Debtors' interest in TIAA Immediate Annuity Contract No. 1B67500–8 is property of the estate.

(Our disposition of this issue renders moot the question of whether, if Debtors' interest in the TIAA Immediate Annuity Contract No. 1B67500–8 is property of the estate, Debtors are entitled to an exemption of their interest in such annuity, and whether the Trustee can require TIAA to surrender the present value of the Debtor's interests in the annuity.)

### Facts

James R. Kelvington ("Kelvington" or "Debtor") was employed as a professor by Gannon University in Erie, Pennsylvania ("Gannon") from July 1965 through June 1974. During his employment, Kelvington participated in a retirement plan sponsored by Gannon and managed both by TIAA and an adjunct of TIAA, the College Retirement Equities Fund ("CREF"). Both Kelvington and Gannon made contributions to the TIAA–CREF plan. Upon retirement from Gannon, premium payments ceased.

In 1983, Kelvington surrendered his contracts with TIAA–CREF which had accumulated the sum of $21,289.15 ("Initial Contracts"), in exchange for TIAA Immediate Annuity Contract No. 1B67500–8 (the "Contract"). The Contract provides for a monthly guaranteed benefit of $72.04 plus a fluctuating dividend. Kelvington presently receives $195.55 per month. The Contract provides for no cash surrender value, no loans, and expressly prohibits Kelvington from assigning, pledging or transferring his interest in the Contract. The Contract also provides that the benefits accruing under the Contract are exempt from the claims of creditors.

It is not disputed that the contract qualifies under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., 1056(d) (ERISA).

### Discussion

Upon the commencement of a bankruptcy case, an estate is created which includes

all of the debtor's legal or equitable interests in property, wherever located and by whomever held. 11 U.S.C. § 541(a)(1). Section 541(c)(1) expands the scope of § 541(a)(1) by invalidating restrictions on transfers of property of the debtor so that all of the debtor's interests in property come into the estate. The Trustee therefore asserts that the Debtors are required to surrender the Contract and that TIAA is required to pay the present value of the Contract to him.

Kelvington and TIAA assert that § 541(c)(2) provides an exception to the broad reach of § 541 which prevents Kelvington's interest in the Contract from becoming property of the estate. An agreement which restricts the debtor's use of funds and is enforceable outside of bankruptcy will be upheld by a court applying § 541(c)(2), and those funds will neither become property of the debtor's estate nor available to his creditors. *See Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Velis v. Kardanis*, 949 F.2d 78 (3d Cir.1991).

In *Velis*, property previously distributed to the Debtor under a qualified plan was denied spendthrift protection. The Supreme Court in *Patterson* stated that "We express no opinion on the separate question whether § 522(d)(10)(E) applies only to distributions from a pension plan that a debtor has an immediate and present right to receive, or to the entire undistributed corpus of a pension...." *Patterson*, —— U.S. ——, —— n. 5, 112 S.Ct. 2242, 2249 n. 5.

The Initial Contracts restricted Kelvington's access to termination, retirement, disability or death. Upon his termination of employment at Gannon, Kelvington became eligible to convert the Initial Contracts into an annuity in present payment status. However, at no time during his employment, nor at the time of his selection of the form of annuity to be taken, did Kelvington have a right to invade the corpus or draw down on it, other than the right to receive monthly payments. Kelvington now has only the right to receive the monthly payments. Thus, Kelvington is unlike the debtor in *Velis*, where the prior distributions to the debtor were held to be part of the estate [although, "as to any undistrib-

uted assets in the pension plan and Keogh plan, these assets may be excluded (from the estate) under 541(c)(2)"]. Nor is he like the debtor in *In re Comp*, 134 B.R. 544 (Bankr.M.D.Pa.1991) where the debtor's immediate right of access to the fund deprived it of spendthrift protection under § 541(c)(2).

The Trustee also asserts that Kelvington's surrender of the Initial Contracts and subsequent transfer of all funds to the Contract nullified any exclusion under § 541(c)(2).

We view the Debtor's conversion of the Initial Contracts into an annuity which provides for immediate monthly payments as insufficient to trigger the Debtor's interest in the Contract such that the monthly distributions from the plan would not enjoy the protection of § 541(c)(2). The conversion from the Initial Contract to the (annuity) Contract was a necessary link in the pension arrangement. While Kelvington had certain election options, he had no option other than to select some form of monthly payment.

Since we have determined that the annuity is not property of the estate, we need not address the issues raised relating to exemptions under 11 U.S.C. § 522.

Requests for costs and attorneys' fees by the Debtor and TIAA will be denied.